UNITED STATES HAT MACHINERY COR-
PORATION v. BOESCH MFG. CO.,
Inc., et al.

No. 2667.

District Court, D. Connecticut.

Nov. 8, 1938.

T. Clay Lindsey and George N. Robil-
lard, both of Hartford, Conn., and Vernon
M. Dorsey, of Washington, D. C., for
plaintiff.

Robert S. Blair, Daniel L. Morris, and
John C. Blair, all of New York City, and
Horace L. Rockwell, of Hartford, Conn.,
resident solicitor, for defendants.

THOMAS, District Judge.

This suit is brought by the plaintiff to
restrain the alleged infringement of U. S.
Letters Patent No. 1,533,351, granted to
the plaintiff, as assignee of Homer A. Gen-
est, on April 14, 1925, for a "Process of
Shrinking, etc. Felt Articles." Title to
the patent in suit in plaintiff is admitted.

Originally, Arthur H. Boesch, who is
an officer of the two defendant corpora-
tions, was named as a defendant, but at
trial the suit as to him was dismissed.

Infringement is charged as to claims
10, 14 and 19, and they read:

"10. The herein described method of
simultaneously shrinking, felting and croz-
ing hat bats and the like which consists
in progressively bending the bat to and
fro, and relatively shifting the plies by
creating a succession of waves in one of
them and advancing the waves.

"14. The herein described method of
treating hat bats and the like, which con-
sists in progressively bending the bat in
unrolled condition to and fro, and crozing
the bat by creating and advancing waves
in one of the plies of the bat successively
in different directions.

"19. The herein described method of
simultaneously shrinking, felting and croz-
ing hat bats and the like, which consists
in repeatedly bending the bat back and
forth and shifting the plies of the bat rel-
ative to one another in successive in-
crements and successively in different di-
rections."

The patent in suit and the invention de-
fined by the above claims relate to a meth-
od of treating bats from which fur or felt
hats are made. The aim of the invention
is to provide an improved process or meth-
od of treating bats for the purpose of si-
multaneously shrinking and felting them
and the patentee states that he has found

that by following his method the bats are crozed and other advantages gained.

Complying with the requirements of the patent statutes, the patentee illustrates in Figs. 15 to 19, inclusive, of the patent drawings, a mechanism for carrying out the process. This mechanism comprises an endless belt 10 supported on a plurality of driven rollers 13. Positioned above and in contact with the upper surface of the belt 10 and intermediate of each pair of rollers 13 is a driven roller 14. The rollers 13 and 14 are so positioned that the belt takes a wavy or zig-zag course. Intermediate of the rollers 14 is a pair of non-driven pressure rollers 15; each of the rollers 15 being normally spring-pressed into contact with the upper surface of the belt. As indicated in Fig. 16 of the drawings, the belt travels in a counter-clockwise direction, and the hat bats are successively fed onto the belt near the arrow 22 and travel in the direction indicated thereby. The working face of the belt is provided with a plurality of kneading knuckles, and for this purpose the belt may be made of rubber having on its surface small pyramids or projections. As a hat bat passes through the machine, it successively engages the idler rollers 15, and the upper surface at the leading edge thereof is somewhat retarded in its progress, so that immediately behind each of these rollers there is formed a wave or ripple, and "this wave is advanced or progressed throughout the upper ply of the bat resulting in the upper layer being shifted or crozed." Lines 118 to 125, page 3, of the specification. The bat is passed through the machine a number of times. The operator changes the position of the bat so that it will be successively crozed in different directions and simultaneously felted and shrunk into size.

The defenses relied on are: (1) Invalidity of the claims in view of the prior art; (2) invalidity of the claims because they express nothing more than the function of patentee's machine; and (3) non-infringement.

1. Invalidity in view of the prior art.

Defendant relies mainly on U. S. patent No. 1,156,942, granted on October 19, 1915, to E. S. Stocker et al. on an application filed September 15, 1910. This patent describes hat machinery and particularly means for sizing, shrinking and crozing bats in the manufacture of felt hats. True, it was before the Examiner in the Patent Office who passed upon the patentability of the claims in issue here, but I am convinced that the Examiner misunderstood the operation of the Stocker et al. machine. It includes two horizontally disposed operating wheels 17 and 18, arranged to be rotated continuously in opposite directions, one above the other. Each of the wheels is provided with six segmental plates 19 (Fig. 6), which rotate with the wheels and are reciprocated radially. The plates 19 are provided with radially disposed spaced slats 40, of which there may be any desired number. During the operation of this machine, with hat bats between the wheels 17 and 18, hot water is freely supplied to the hat bats by a pipe 32. In operating this machine, the upper wheel 17 is raised by means of a cable 49 and a hat bat placed between each pair of segmental plates 19, as shown in Fig. 5. The wheel 17 is then lowered so that the slats 40 on the plates 19 engage both sides of the hat bats. The water is started and the wheels set in operation, rotating in opposite directions. During this rotation, the segmental plates reciprocate radially, resulting in simultaneously felting, shrinking and crozing the hat bats. The crozing takes place as indicated in Fig. 5, wherein the segmental plates 19 are shown in dotted lines with arrows indicating the manner in which the plies of the hat bats are rolled or, in other words, crozed.

When a moistened hat bat is placed between the corrugated surfaces of the wheels 17 and 18 and the latter are moved in opposite directions, the hat bats bend back and forth and waves are produced which are advanced relatively to the ply of the bat by virtue of the fact that the ply advances, and, even though it may be said that the wave remains stationary, the movement is precisely of the character described by plaintiff's expert in his explanation of the operation of the Genest machine and the patent here in suit. Plaintiff argues that waves are lacking in Stocker's crozing. Defendants point out that the slats of Stocker do form waves and furthermore that plaintiff's expert, Kleinschmidt, admits that all automatic crozing must be done by waves. If the Examiner, who apparently allowed these claims because he believed that Stocker did

not use waves in his crozing, had had the benefit of this admission, it appears certain that he would have rejected them. Thus the Stocker et al. machine discloses a machine which was designed to and does simultaneously shrink, felt and croze hat bats by bending the bat to and fro and by creating and advancing waves.

█ It follows, therefore, that the three claims in suit are invalid in view of the Stocker et al. patent. And I so decide notwithstanding the fact that there is no proof that the Stocker et al. machine was ever built, and notwithstanding the commercial success which the Genest machines enjoyed. I find that success, to be pertinent proof of anything, must be identified with and due to the exact thing claimed in the claims in suit, and that there is no proof in this case that the success is attributable to the method claimed herein. Furthermore, it is only when invention is in doubt that advance made in the art may be thrown in the scale to support it. De Forest Radio Co. v. General Electric Co., 283 U.S. 664, 685, 51 S.Ct. 563, 569, 75 L.Ed. 1339. Commercial success may turn the scale when invention is in doubt. Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 474, 55 S.Ct. 449, 453, 79 L.Ed. 997. In the instant case I have no doubt as to the invalidity of the claims in suit, and, therefore, I have for that reason also disregarded the commercial success alleged by the plaintiff.

2. Invalidity because the claims are alleged to express nothing more than the function of patentee's machine.

█ It appears from the record, more particularly from the testimony of plaintiff's expert, that the process or method of the patent in suit cannot be carried out by hand. R. p. 206. Hence, defendant argues that the method defined by the claims in suit amounts to nothing more than the functional operation of the Genest machine and, therefore, does not constitute patentable subject matter, relying on Corning v. Burden, 15 How. 252, 14 L.Ed. 683. As to this, it should be noted that in carrying out the process it is inevitable that apparatus must be used, but the claims in suit are not limited to any specific apparatus; in fact, the defendants themselves argue that, in addition to the apparatus disclosed in the patent in suit an entirely different structure, that of Stocker et al. might be employed in carrying out the process. It follows, therefore, that the claims would not be invalid on this ground.

### 3. Non-infringement.

█ Having found the claims in suit invalid in view of the prior art, there is no need to consider, in detail, the alleged infringement. However, if the claims in suit could be so narrowly construed as to avoid anticipation in Stocker, then they certainly would not be infringed by the action of defendants' machine. The bats whip through defendants' machine along a sinuous path at a high speed and it is not surprising that there are sometime flutters, or "waves" in one or both of the plies of wet felt. But the real crozing action is due to the superior surface speed of the upper of each of the pairs of driven rolls which draw the bats along. Both upper and lower rolls, due to a higher surface speed than the travel of the bat, tend to pull the bat forward. Various "waves" may occur,—sometimes in the upper ply, sometimes in the lower ply and sometimes in both plies. In all of these conditions, however, and in the condition when none of these waves are found, the croze is the same in direction and practically the same in amount. Furthermore, with the machine adjusted for no crozing there are at times various waves and yet no croze. Clearly it cannot be said that defendants' machine crozes by waves. The Stocker patent is much closer, than is the operation of defendants' machine, to the claims in suit.

For the reasons herein set forth, the bill is dismissed. It is believed that the findings of fact and conclusions of law above stated are sufficient to comply with rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and an order so providing must be embodied in the decree which will be submitted for signature, properly consented to as to form.